{¶ 17} Although I concur with the majority opinion, I feel compelled to write separately.
 {¶ 18} It is natural for a loving, responsible parent to want to spend as much time with his child as possible. That time becomes even more precious when because of a divorce or dissolution; the parent's time with the child is limited to a specific timeframe.
 {¶ 19} Nonetheless, extracurricular activities, such as sports, are a privilege not a right. The custodial parent here registered Cassandra for basketball; Cassandra tried out for a position and made the team. As part of being on the team, Cassandra and her mother agreed to abide by the team's rules and policies, specifically here to travel to and from away games on a school bus and to make all practices and games during school vacations. Mr. Kimball complains that these policies interfere with his visitation schedule with his daughter Cassandra's participation in sports in general probably does interfere with Mr. Kimball's allotted time with his daughter, just like it interferes with mother's allotted time. However, how much athletics and other extracurricular activities interfere with family time and how much is too much are issues parents must wrestle with continually. A school district should not be placed in the middle of this, and the taxpayers should not be forced to find the defense of such action against the school district. I would affirm and award attorney fees and costs against appellant.